IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gladys S. Melton, by Ernie Dutton her power of attorney, on behalf of other persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Carolina Power & Light Co.,<br><br>    Defendant. | Civil Action No.: 4:11-cv-00270-RBH<br><br>**ORDER** |

Plaintiff Gladys S. Melton, by Ernie Dutton her power of attorney, on behalf of other persons similarly situated ("Plaintiff") filed this suit against Defendant Carolina Power & Light Company d/b/a Progress Energy Carolinas, Inc. ("PEC" or "Defendant"), seeking class action status[1] and alleging that Defendant exceeded the scope of easements it holds over Plaintiff's property and over the property of similarly situated individuals. This matter is before the Court on Defendant's Motion for Partial Summary Judgment, Doc. # 56. For the reasons discussed below, Defendant's Motion for Partial Summary Judgment is denied.

**Undisputed Facts**

In her Class Action Complaint, Plaintiff claims that Defendant has allowed telecommunications companies, for a fee, to use the fiber optic cable installed in its easements for general telecommunications. [*See* Second Am. Compl. Doc. # 46, ¶¶ 23, 32, 37, 51.] Plaintiff argues that Defendant's use of the fiber optic cable for general telecommunications exceeds the scope of

---

[1] Plaintiff has moved to certify the class. [*See* Mot. for Class Certification, Doc. # 69.] The Court's ruling on this motion is addressed in a separate order. [*See* Order on Class Certification, Doc. # 94.]

the easements at issue, and that neither Plaintiff nor similarly situated individuals have been compensated for this use. [*Id.*] Based on Defendant's alleged activity outside the province of these easements, Plaintiff asserts claims for unjust enrichment, trespass, injunction, and declaratory judgment. [*See id.* at ¶¶ 78–104.]

In the Motion at issue, Defendant argues that Plaintiff's unjust enrichment claim fails a as a matter of law because "the parties' rights and responsibilities in this case are governed . . . by reference to the terms of the various express, written easements . . . ." [Mot. For Summ. J., Doc. # 56-1, at 3.]

## **Standard of Review**

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986).

If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or by "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as

2

a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, a court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand a summary judgment motion. *Id.* at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'n Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## **Discussion**

In construing all inferences and ambiguities against Defendant, as it must, this Court cannot say that Plaintiff fails to set forth an unjust enrichment claim as a matter of law.

When "a plaintiff has an adequate remedy at law, equitable relief" in the form of a claim for unjust enrichment "is not *normally* in order." *Barrett v. Miller*, 283 S.C. 262, 264, 321 S.E.2d 198, 199 (Ct. App. 1984) (emphasis added). Further, as Judge Cameron Currie recently held in *Palmetto Health Credit Union v. Open Solutions Inc.*, No. 3:08-cv-3848, 2010 WL 2710551 at *4 (D.S.C. July 7, 2010), recovery under a theory of unjust enrichment is available where an express contract does

not govern the rights and responsibilities at issue.

Defendant relies almost exclusively on Judge Currie's opinion in *Palmetto Health Credit Union* to argue that because the written easement agreements cover the same subject matter as the unjust enrichment claims – namely, the scope of the easements – the unjust enrichment claims must fail. [Mot. For Summ. J., Doc. # 56-1, at 2–6.] This improperly categorizes Plaintiff's argument. Plaintiff's actual argument is that because Defendant's alleged use of the fiber optic cable at issue is not covered at all by the express easements at issue, there is no express contract governing this case. [*See* Second Am. Compl. Doc. # 46, ¶¶ 37, 42.] Thus, in addition to damages for trespass, Plaintiff is entitled to recover the amount gained by Defendant at Plaintiff's expense. *See Ellis v. Smith Grading & Paving, Inc.*, 294 S.C. 470, 473, 366 S.E.2d 12, 14 (Ct. App.1988) ("Unjust enrichment is an equitable doctrine, akin to restitution, which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff.").

That Plaintiff's unjust enrichment claim should go forward is supported by *Palmetto Health Credit Union*, the very case on which Defendant extensively relies. As the court in that case noted, "[a]lthough there can be no implied contract on a point fully covered by an express contract and in direct conflict therewith, there may be an implied contract *on a point not covered by an express contract*." *Palmetto Health Credit Union*, No. 3:08-cv-3848, 2010 WL 2710551 at *4 (citing 66 Am.Jur.2d Restitution and Implied Contracts § 25 (2001)). The court also held that neither party in the case "pointed to evidence of any benefit conferred on the other which was not conferred based on the express contract." *Id*.

Here, Plaintiff seeks damages for Defendant's use of fiber optic cable for general telecommunications. Assuming Plaintiff's reading of the easements to be correct, general

4

telecommunications is a point not covered by an express contract. *See, e.g.*, *Trevillyan v. APX Alarm Sec. Sys., Inc.*, No. 2:10–1387, 2011 WL 11611, at *7, *9 (D.S.C. Jan. 3, 2011) (applying South Carolina law and denying motion to dismiss unjust enrichment claim on grounds that express contract governed conduct at issue, even though an actual breach of contract claim was alleged covering the same conduct, because plaintiff was entitled to plead in the alternative). Particularly telling here is that Plaintiff brought no claim for breach of the written easement.

Defendant, citing a South Carolina state court case, argues that "[i]t is well-settled that the rights of an easement holder depend upon the interpretation of the grant in the easement," *Gressette v. SCE&G*, 370 S.C. 377, 382, 635 S.E.2d 538, 540 (2006).[2] While true, this does not change the proposition that when an easement holder's actions exceed the authority granted by that easement, or center around a point not covered by the express easement, a cause of action for unjust enrichment may be available.[3] *See Palmetto Health Credit Union*, No. 3:08-cv-3848, 2010 WL 2710551 at *4. This is evident in the South Carolina Supreme Court order cited by Defendant, which actually reverses a grant of dismissal while noting that the plaintiffs brought, among other claims, a cause of action for unjust enrichment. *Id.* at 378–79, 635 S.E.2d at 538–39..

Defendant also contends that there is no legal precedence to show that parties have ultimately

---

[2] *Gressette* involved a class action challenging a utility company's conveyance of excess fiber optic cable to third parties. *Gressette,* 370 S.C. at 378–79, 635 S.E.2d 538–39.

[3] Plaintiff has grouped the easements at issue in this case into various forms. It may very well be that certain easement forms allow the challenged conduct. [*See* Order on Class Cert., Doc. # 94, at § II(A)(2).] Of course, in those instances, Plaintiff would have no claim against Defendant. However, for purposes of this Motion, Defendant has not asked this Court to determine whether, as a matter of law, any particular easement form would allow for general telecommunications. Defendant has simply asked this Court to rule that, as a matter of law, Plaintiff's unjust enrichment claim summarily fails in total because the written easements govern the conduct at issue. [*See* Mot. For Summ. J, Doc. # 56. At 5–6.]

5

recovered for unjust enrichment in these types of easement cases. Even if Defendant is correct, at this stage, the question is not whether Plaintiff may ultimately recover on unjust enrichment, or even whether an unjust enrichment claim is meritorious. The question is simply whether an unjust enrichment claim may legally move forward. *See* Fed. R. Civ. P. 56(a). Thus, believing all Plaintiff's evidence, and drawing all justifiable inferences in Plaintiff's favor, this Court cannot say that Plaintiff's unjust enrichment claim fails as a matter of law. *See Anderson*, 477 U.S. at 255. Defendant has therefore failed to meet its burden and the Motion at issue must be denied.

## **Conclusion**

Based on the foregoing, it is **ORDERED** that Defendant's Motion for Partial Summary Judgment, Doc. # 56, is **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
June 25, 2012