IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gladys S. Melton, by Ernie Dutton her power of attorney, on behalf of other persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Carolina Power & Light Co.,<br><br>    Defendant. | Civil Action No.: 4:11-cv-00270-RBH<br><br><br>**ORDER** |

Plaintiff Gladys S. Melton, by Ernie Dutton her power of attorney, on behalf of other persons similarly situated ("Plaintiff") filed this suit against Defendant Carolina Power & Light Company d/b/a Progress Energy Carolinas, Inc. ("PEC" or "Defendant"), seeking class action status and alleging that Defendant exceeded the scope of easements it holds over Plaintiff's property and over the property of similarly situated individuals.

On October 31, 2011, Plaintiff filed a Motion for Sanctions, Doc. # 78.[1] According to Plaintiff, on March 18, 2011, it requested "[a]ll easements or court orders providing [Defendant] its right-of-way interest or authority with respect to all the properties in South Carolina over or under which or through which it has placed fiber optic cable or allowed fiber optic cable to be placed." [Mot. For Sanctions, Doc. # 78, at 3.] According to Plaintiff, Defendant provided samples of the variety of easements, but did not provide the actual easements sought. [*Id*. at 4–7.] Plaintiff claims it spent approximately $70,000 in obtaining easements, and only later learned that Defendant had

---

[1] Plaintiff also filed a Motion for Class Certification, Doc. # 69, and Defendant filed a Motion for Partial Summary Judgment, Doc. # 56. The Court's ruling on these motions are addressed in separate orders, filed respectively at Docs. # 94 and 95.

the actual easements in its possession - which Plaintiff then procured via discovery. [*Id.*] Defendant argues that it made clear in its discovery responses and follow-on communications that it was producing only a sample of easement. [Def.'s Response, Doc. # 83, at 6–12.] Plaintiff now seeks the costs and attorneys' fees it incurred in procuring the various easements.[2]

Defendant filed a Response to Plaintiff's Motion on November 17, 2011, to which Plaintiff filed a Reply on November 21, 2011. On May 18, 2012, this Court held a hearing on the motion.

The parties' briefings and arguments before this Court focused exclusively on the propriety of Rule 37. "The purpose of Rule 37 is to allow the district courts to *punish deliberate noncompliance* with the federal rules of discovery and to deter such conduct in the future." *Zornes v. Specialty Indus., Inc.*, No. 97-2337, 1998 WL 886997, at *9 (4th Cir. Dec. 21, 1998) (emphasis added). The Court questions whether Defendant's failure to produce the requested easements was a result of "deliberate noncompliance" or any bad faith.

Nonetheless, even absent a party's bad faith, Federal Rule of Civil Procedure 26 grants of "considerable discretion in determining whether expense-shifting in discovery production is appropriate in a given case." *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996); *see also Rundus v. City of Dallas*, 634 F.3d 309, 316 (5th Cir. 2011) ("[T]the authority of the trial court to assess 'necessary and reasonable' costs incurred during discovery 'can hardly be doubted.' " (quoting *Harrington v. Texaco, Inc.*, 339 F.2d 814, 822 (5th Cir. 1964))). Providing an exception to the traditional discovery presumption that each party to a lawsuit bears its own discovery costs, Rule 26 permits the district court to shift costs onto the party requesting discovery upon a finding

---

[2] Plaintiff did not provide the Court any itemization of the $70,000 in "costs" referenced by Plaintiff's counsel during the hearing on this Motion. Presumably, the majority of this amount is related to payment of title abstractor fees, and not toward "attorneys' fees."

of "good cause." *See* Fed. R. Civ. P. 26(c)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978).

Certainly, the situation here does not fit squarely within the ambit of those cases analyzing cost-shifting under Rule 26. Plaintiff is not seeking to be compensated for the costs of responding to a discovery request by Defendant, but is essentially seeking to be reimbursed for doing the work of uncovering relevant easements.

Still, cost-shifting might nonetheless be appropriate in this case.[3] From the date of Defendant's initial discovery responses on March 18, 2011, until Plaintiff requested the relevant easements in Defendant's possession on September 16, 2011, Defendant never supplemented its response to provide any additional easements. During a deposition of one of Defendant's agents on September 15, 2011, Plaintiff's counsel explained his understanding of Defendant's production responses as follows: "In this case Plaintiff[] asked for the easements for the fiber-optic cable in South Carolina. And [Defendant] replied that it did not have those particular easements and instead provided samples of the variety of easements they use." [Moore Dep., Doc. #78-8, at 16:6–10.] Additionally, Defendant notes in its Response that in order to "gather the complete universe of potentially relevant easements – as [Plaintiff] must do in order to ascertain the identities of the putative class members – her counsel and consultants would have to search the public records in any event." [Def.'s Response, Doc. # 83, at 8.]

---

[3] While "costs" may be shifted under Rule 26, this Court is not aware of a mechanism, other than sanctions, through which "attorneys' fees" may be awarded to Plaintiff in this case. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Servs.*, 532 U.S. 598, 610 (2001) ("Congress ha[s] not 'extended any roving authority to the Judiciary to allow counsel fees . . . whenever the courts might deem them warranted.") The parties have not briefed any specific authority, other than Rule 37, that would allow Plaintiff to recover attorneys' fees from Defendant.

Defendant's assertion that Plaintiff would be required to search these records in any event indicates that the location and disclosure of relevant easements was (or would have been) a critical component of discovery in this case. It may very well have been reasonable for Plaintiff to begin the task of uncovering the universe of relevant easements in order for this case to progress, especially in light of Plaintiff's understanding that Defendant had provided the easements within its possession. It is possible, then, that good cause exists to shift costs from Plaintiff to Defendant given that producing the universe of relevant easements is a burden that Defendant arguably bore, at least in part. Defendant was asked for this information in discovery. Further, as beneficiary of the easements, Defendant had in its possession many more easements than the limited sampling it initially produced. *See. e.g., Oppenheimer*, 437 U.S. at 356 (holding that it may be appropriate for a court to order the defendant to perform certain tasks relating to providing notification in a class action if the defendant is able to perform such task "with less difficulty or expense than could the representative plaintiff").

However, because the parties never briefed the applicability of Rule 26 or cost-shifting in this case, and given the novel issues presented should cost-shifting apply, the Court will allow the parties additional time to brief these issues, or to resolve the dispute in light of this Order and the status of the case.

It is therefore **ORDERED** that Plaintiff and Defendant shall have fourteen days from the date of this Order (1) to report to this Court that the issues raised in Plaintiff's Motion for Sanctions, Doc. # 78, have been resolved; **OR** (2) to each file a brief not exceeding ten pages discussing the applicability of cost-shifting under Rule 26 to this case.

4

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
June 25, 2012